

**HISCOCK & BARCLAY**

THOMAS J. O'CONNOR
PARTNER

50 BEAVER STREET
ALBANY, NEW YORK 12207
T 518.429.4200 • F 518.429.4201

DIRECT DIAL 518.429.4276
DIRECT FAX 518.427.3474
TOCONNOR@HBLAW.COM

March 11, 2011

<u>VIA FACSIMILE (212) 805-6382</u>

Hon. Victor Marrero
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse, Suite 660
500 Pearl Street
New York, NY 10007-1312

SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/11



RECEIVED
MAR 11 2011
CHAMBERS OF
JUDGE MARRERO

RE: Laskowski, et al. v. Liberty Mutual Fire Insurance Company
Case No. 1:11-cv-01081-VM

Dear Judge Marrero:

Pursuant to your Order dated March 1, 2011, we respectfully submit this letter on behalf of Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") in response to Plaintiffs' letter of March 8, 2011. For the reasons detailed below and cited in Your Honor's Order, venue should be transferred to the Northern District of New York.

This action stems from Liberty Mutual's denial of the Plaintiffs' $2 million claim. Liberty Mutual accuses the Plaintiffs of intentionally setting fire to their home in order to collect the policy proceeds. Plaintiffs have denied any involvement in the fire and also deny that the fire was an arson. It is Liberty Mutual's obligation to prove the fire was intentionally set and that the Plaintiffs caused the fire.

28 U.S.C. §1404(a) allows for a change of venue "for the convenience of parties and witnesses, in the interest of justice." Some of the factors for the court to consider include "(1) the place where the operative facts took place; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and the relative ease of access of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the weight accorded to plaintiff's choice of forum; (7) a forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice."[1] *Reeder v. Yamaha Motor Corp. U.S.A.*, 1992 U.S. Dist. LEXIS 18263 at *4 (S.D.N.Y. Dec. 2, 1992).

---

[1] Plaintiffs do not contest that this action might have been brought in the Northern District of New York, thus the inquiry is whether the equities favor transfer. *See Zaitsev v. State Farm Fire & Cas. Co.*, 2005 U.S. Dist. LEXIS 30325 (E.D.N.Y. Nov. 17, 2005)

5221251.3

WWW.HBLAW.COM

Hon. Victor Marrero
March 11, 2011
Page 2

   The locus of operative facts and the convenience of witnesses weigh heavily in favor of a change of venue. The only factor in favor of the Southern District is the weight accorded to plaintiff's choice of forum. As the remaining considerations are neutral, the court should transfer this action to the Northern District of New York.

   "To determine the locus of operative facts, a court must look to the 'site of events from which the claim arises'." *1-800-Flowers v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 134 (S.D.N.Y. 1994) (internal citations omitted). Here it is undisputed that the site of events was Eaton, New York. In *Reeder v. Yamaha Motor Corp. U.S.A., supra,* the accident had occurred in the Northern District of New York, though the plaintiff had chosen to litigate in the Southern District. The police who responded to the accident were stationed in the Northern District and the decedent was treated there. The court found that the key operative facts had occurred in the Northern District and stated "this factor weighs heavily in favor of transferring this case to that District." *Id.* at 7. In the case at bar, the fire occurred in the Northern District of New York and the plaintiffs owned property located in the same district.

   "The convenience of both party and non-party witnesses is probably the single most important factor in the analysis of whether a transfer should be granted." *Frasca v. Yaw,* 787 F. Supp. 327, 331 (E.D.N.Y. 1992). Here the convenience of the non-party witnesses weighs heavily in favor of a change of venue. The court in *Reeder v. Yamaha Motor Corp. U.S.A.* stated that the residency of the witnesses "along with the problems related to compelling such witnesses to testify in the Southern District, provide support of the conclusion that the case should be transferred to the Northern District." *Id.* at *10. Here, virtually all of the potential witnesses, with the exception of the plaintiffs, reside outside the Southern District. Thus, this factor militates in favor of transfer to the Northern District. Conducting this litigation in the Northern District will "minimize problems with the availability of witnesses and ensure that the litigation process is not unnecessarily delayed by witness-related problems." *Id.*

   Plaintiffs stress that a Southern District Court may compel the appearance of witnesses who reside in Madison County. However, this argument ignores the paramount concern of the convenience of these witnesses. Eaton is approximately a 4.5 hour drive of 225 miles from Manhattan. Liberty Mutual intends to call numerous witnesses from the fire service in Madison County including members of the Madison County Fire and Rescue Service, and the Eaton Fire Department, the volunteer fire company which fought this fire. Volunteer firefighters and public employees should not be so burdened for the convenience of the Plaintiffs.

   It is well-established in the field of fire investigation that the initial responding firefighters' observations are critical in establishing the origin and cause of the fire. This fire was extinguished by an interior attack in which the firefighters actually entered the building to fight the fire. Multiple teams of firefighters fought the fire on the second floor and attic and additional teams examined the basement and first level. The testimony of the initial responders will be critical in establishing that this fire was intentionally set on the second floor of the building and did not result from a short circuit in connection with unfinished electrical work.

5221251.3

Hon. Victor Marrero
March 11, 2011
Page 3

There is also an issue involving the extent of the damages to the building. The original portion of this historical home is more than 200 years old and was the subject of an ambitious, and ongoing, renovation project which had already consumed a few years and hundreds of thousands of dollars. The plaintiffs utilized local contractors and tradespeople including electricians whose testimony may be needed on the damages issues, as well as the state of completion of the electrical work relative to the origin of the fire.

The plaintiffs submitted a $1 million personal property claim, the bulk of which consists of antiques and collectibles. They actively purchased and sold collectibles at various dealers in the Central New York area and there is a strong likelihood that some of these individuals will be required to testify as fact witnesses.

Further, it is part of the defendant's burden to establish that the plaintiffs had a motive to procure this fire. Plaintiffs' financial position, activities on the date of the fire, the condition of the building and innumerable other factors can be relevant to Liberty Mutual's case. Although these individuals cannot currently be identified, nonetheless, it is certain that additional witnesses will come to our attention during the discovery portion of this trial as depositions are taken and the investigation continues to evolve.

In *Zaitsev v. State Farm Fire & Cas. Co.*, 2005 U.S. Dist. LEXIS 30325 (E.D.N.Y. Nov. 17, 2005), the District Court granted the defendant's motion to transfer venue. In *Zaitsev*, as in the case at bar, the plaintiff asserted a claim against his insurer for failure to pay losses under a homeowner's policy after damage occurred to his home. The property was located in the District of New Jersey. All eye-witnesses and most expert witnesses also resided in New Jersey. Here, the same considerations militate towards transfer of venue to the Northern District of New York. *See also Thomalen v. Marriott Corp.*, 1990 U.S. Dist. LEXIS 10047 (S.D.N.Y. Aug. 2, 1990) (change of venue proper where fire occurred in a different district and material witnesses resided there).

Finally, as for the convenience of the parties, plaintiffs chose to purchase a second home in the Northern District as a weekend getaway. Thus, plaintiffs can hardly contend that the venue is inconvenient when they travelled to the area on a weekly basis.

For all of the reasons above, venue should be transferred from the Southern to Northern District of New York.

Respectfully submitted,

Thomas J. O'Connor

cc: Finley Harckham, Esq. (by email)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Defendant.

SO ORDERED.

3-14-11
DATE     VICTOR MARRERO, U.S.D.J.

5221251.3