# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733

www.andersonkill.com

Finley T. Harckham, Esq.
fharckham@andersonkill.com
(212) 278-1543

**By Facsimile**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/11

March 8, 2011

RECEIVED
MAR 8 - 2011
CHAMBERS OF
JUDGE MARRERO

Hon. Victor Marrero
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse, Suite 660
500 Pearl Street
New York, NY 10007-1312

Re: *Laskowski, et al. v. Liberty Mutual Fire Insurance Company*, Case No. 1:11-cv-01081-VM

Dear Judge Marrero:

We represent plaintiffs Mark R. Laskowski and Richard Hall (collectively, "Plaintiffs") in the above-referenced matter. Pursuant to Your Honor's March 1, 2011 Order, Plaintiffs respectfully submit this letter addressing the merits of a possible transfer of this action against Liberty Mutual Fire Insurance Company ("Liberty Mutual") to the Northern District of New York under 28 U.S.C. § 1404(a). For the reasons stated below – primarily that the plaintiffs reside in this district – Plaintiffs respectfully submit that venue for this action is most appropriate in the Southern District of New York.

Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil case to any other district or division where it might have been brought."[1] 28 U.S.C. § 1404(a). In determining whether to transfer a case to another district, courts look to a variety of factors, including: (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *See Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2008 WL 4450259, at *5 (S.D.N.Y. Sept. 29, 2008).

---

[1] Plaintiffs do not contest that this action could have been brought in the Northern District of New York.

NYDOCS1-983234.2

New York, NY ■ Newark, NJ ■ Philadelphia, PA ■ Ventura, CA ■ Washington, DC ■ Stamford, CT

**Anderson Kill & Olick, P.C.**

Hon. Victor Marrero
March 8, 2011
Page 2

"In determining whether to transfer venue on convenience grounds, plaintiff's choice of forum should be accorded substantial weight, particularly in cases where plaintiff resides in the district where the suit was filed, and should therefore not be disturbed by the court unless the following criteria weighs strongly in defendant's favor." *Schomann Int'l Corp. v. Northern Wireless, Ltd.*, 35 F. Supp. 2d 205, 214 (N.D.N.Y. 1999); *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 2010 (S.D.N.Y. 1998). Here, Plaintiffs' chosen forum is in this District, which is where they maintain their primary residence, and have lived for many years. The other factors do not strongly weigh in favor of transfer, so Plaintiffs' decision to bring suit in the District of their residence should not be disturbed.

The convenience of party and non-party witnesses is generally accorded significant weight in determining a motion under Section 1404(a). *See, e.g., Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998). Here, party witnesses Messrs. Laskowski and Hall live in New York City. The house at issue in this case in central New York was a weekend residence, and is currently uninhabitable. Plaintiffs' claim will not require a significant number of non-party witnesses from central New York. Those witnesses can be deposed where they reside, so they will not suffer any inconvenience.

Nor does the location of any relevant documents warrant transfer in this case. Plaintiffs already have produced to Liberty Mutual all of the documents in their possession, custody and control that are relevant to the determination of this matter. Moreover, Liberty Mutual is a giant insurance company based in Boston, Massachusetts with substantial national operations. Thus, it cannot be claimed that any of Liberty Mutual's documents and other proof are "particularly bulky or difficult to transport," or that it would be a greater imposition for Liberty Mutual to bring its proof to New York City than for Plaintiffs to take their proof to Syracuse. *Agric. Ins. Co. Inc v. Ace Hardware Corp.*, No. 989 Civ. 8708(RJW), 2000 WL 1568313, at *3 (S.D.N.Y. Oct. 20, 2000).

Indeed, it would be of much greater inconvenience to the Plaintiffs to travel to central New York to litigate this case than for Liberty Mutual to litigate in New York City. Liberty Mutual has a substantial presence and more than adequate resources in New York City. Plaintiffs, on the other hand, are private individuals who are not in a financial position to travel (or to have their counsel travel) to central New York for trial and pretrial matters. Indeed, without the insurance proceeds at issue, they lack the resources to repair the house at issue. Thus, the third and sixth factors, the convenience and relative means of the parties, respectively, weigh heavily in favor of maintaining this action in New York.

Regarding the fourth factor, the locus of operative facts, the fire loss at issue in this case took place in the Northern District. However, the locus of operative facts is not determinative of proper venue when measured against convenience of the parties and Plaintiffs' choice of forum. *Ace Hardware*, 2000 WL 1568313 at *4.

NYDOCS1-963234.2

**Anderson Kill & Olick, P.C.**

Hon. Victor Marrero
March 8, 2011
Page 3

      With respect to the fifth factor, ability to compel unwilling witnesses, in the cases decided by the Court where transfer was warranted, a significant factor was that the locus of operative facts took place far outside the state of New York (Texas, Oklahoma, and Florida), and thus, certain non-party witnesses were outside the scope of this Court's subpoena power.[2] This is not the case here. Since Fed. R. Civ. P. 45(b)(2) allows parties to subpoena unwilling witnesses under the New York State statute, and the New York State Constitution permits state-wide service for state matters, all potentially relevant witnesses and documents in this action are within this Court's subpoena power. N.Y. Const. art. VI, § 1(c); *Ace Hardware*, 2000 WL 1568313 at *4 (stating that factor did not weigh in favor of transfer to Northern District where accident took place, because Southern District would have subpoena power over any unwilling witnesses located there). Accordingly, this factor does not weigh in favor of transfer.

      Regarding the forum's familiarity with the governing law, both the Northern District and the Southern District are equally competent to handle matters involving questions of New York State law. *ACE Hardware*, 2000 WL 1568313 at *4. Accordingly, this factor does not weigh in favor of transfer.

      In sum, two factors weigh in favor of maintaining venue in the Southern District: the convenience of the parties and Plaintiffs' choice of forum. One factor weighs in favor of transfer to the Northern District: the locus of operative facts. The remaining factors are neutral. Accordingly, there is no "clear-cut showing" that transfer is in the best interests of the litigation and thus Plaintiffs' respectfully submit that venue should remain in the Southern District of New York. *Ace Hardware*, 2000 WL 1568313 at *4 (maintaining action in Southern District even though the locus of operative facts, including the accident and sixteen-day hospital stay, took place in the Northern District).

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs.
>
> SO ORDERED.
>
> 3-14-11
> DATE   VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Finley Harckham

cc:   Thomas J. O'Connor, Esq. (by facsimile)
      Dale Brown

---

[2] *Hancock v. Safeco Ins. Co. of Ind.*, 692 F. Supp. 2d 338, 339 (S.D.N.Y. 2010) (Texas); *Crutchfield v. Country Wide Home Loans*, No. 02 Civ 9092 VM, 2003 WL 102879, at *2 (S.D.N.Y. Jan. 10, 2003) (Oklahoma); *Ayala-Branch v. Tad Telecom, Inc.*, 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002) (Florida).

NYDOCS1-983234.2