USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/11

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARK R. LASKOWSKI, et al.,          :      11 Civ. 1081(VM)
                                    :
                 Plaintiffs,        :
                                    :
     - against -                    :      DECISION AND ORDER
                                    :
LIBERTY MUTUAL FIRE INSURANCE       :
COMPANY,                            :
                                    :
                 Defendant.         :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

By Order dated March 1, 2011, the Court indicated that in reviewing the complaint filed in this matter it noted that plaintiffs Mark Laskowski and Richard Hall ("Plaintiffs") assert that they reside in New York County; and that defendant Liberty Mutual Fire Insurance Company ("Liberty") is an insurance corporation based in Wisconsin with its principal place of business in Massachusetts and licenced to do business in New York. The complaint indicates that the events that gave rise to the action occurred in connection with a claim Plaintiffs submitted to Liberty for loss resulting from a fire in a second home Plaintiffs own located in Eaton, New York, including additional living expenses and other costs Plaintiffs allegedly incurred as a result of the fire.

Because it appeared that in whole or in major part the material events, documents, persons and potential witnesses related to this action are located in the Northern District of New York, the Court directed Plaintiffs to show cause why this action should not be transferred to the Northern District of New York pursuant to 28 U.S.C. § 1404(a). Plaintiffs responded by letter dated March 8, 2011 and Liberty replied by letter dated March 11, 2011.

Upon review of the complaint and the parties' submissions in response to the order to show cause, the Court is persuaded that a transfer of this action to the Northern District of New York is warranted. Plaintiffs argue that they reside in this District, that their choice of forum is entitled to deference, and that the number of non-party witnesses located in the Northern District is not significant and the testimony of those persons can be obtained by deposition. Liberty responds that the dispute entails a defense of arson in connection with the fire in question, the resolution of which will require testimony from a significant number of local police officers, firefighters, investigators and other public officials and third-party witnesses concerning the cause of the fire, as well as evidence from knowledgeable witnesses and experts about the contents and value of antiques and other property

Plaintiffs allege were destroyed in the fire.

On balance the Court finds that the center of operative facts in this dispute is located in the Northern District of New York, and that the convenience of non-party witnesses tips in favor of a transfer of venue, outweighing the deference owed to Plaintiffs' choice of forum. See <u>Zaitsev v. State Farm Fire & Cas. Co.</u>, No. 05 Civ. 2098, 2005 WL 3088326, at *4 (E.D.N.Y. Nov. 17, 2005); <u>Reeder v. Yamaha Motor Corp. U.S.A.</u>, No. 92 Civ. 5455, 1992 WL 370414, at *3-4 (S.D.N.Y. Dec. 2, 1992).

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**

DATED:    NEW YORK, NEW YORK
          16 March 2011

```
                              _____
                                    Victor Marrero
                                       U.S.D.J.
```